UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

F5 NETWORKS, INC.,

   Plaintiff,

   v.

A10 NETWORKS, INC.,

   Defendant.

Case No. C07-1927RSL

ORDER GRANTING MOTION
TO STRIKE PORTIONS OF THE
COMPLAINT

## I. INTRODUCTION

This matter comes before the Court on a motion filed by defendant A10 Networks, Inc. ("A10") for an order, pursuant to Federal Rule of Civil Procedure 12(f), striking the request for treble damages and the allegation of willfulness in the complaint filed by plaintiff F5 Networks, Inc. ("F5"). A10 contends that the complaint does not actually allege any willful conduct by A10. In the alternative, A10 moves for an order pursuant to Rule 12(e) for a more definite statement of the factual basis for plaintiff's request for treble damages and allegation of willful infringement.

For the reasons set forth below, the Court grants defendant's motion.[1]

---

[1] Because the Court finds that this matter can be decided on the parties' memoranda, declarations, and exhibits, defendant's request for oral argument is denied.

ORDER GRANTING MOTION
TO STRIKE - 1

## II. DISCUSSION

This is an action for patent infringement under 35 U.S.C. § 271 *et seq.* F5 is the owner of United States Patent No. 6,473,802 ("the '802 patent") entitled, "Method and System for Storing Load Balancing Information with an HTTP Cookie." F5 alleges that A10 has infringed the patent.

In a patent infringement case, "[u]pon a finding of willful infringement, a district court may, at its discretion, grant up to treble damages." Odetics, Inc. v. Storage Tech. Corp., 185 F.3d 1259, 1274 (Fed. Cir. 1999). "To willfully infringe a patent, the patent must exist and one must have knowledge of it." State Indus., Inc. v. A.O. Smith Corp., 751 F.2d 1226, 1236 (Fed. Cir. 1985).

Federal Rule of Civil Procedure 12(f) provides, "The Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." An allegation of willful infringement is not subject to a heightened pleading standard but must meet the requirements of Rule 8. See, e.g., In re Seagate Tech., LLC, 497 F.3d 1360 (Fed. Cir. 2007).

The complaint alleges, "On information and belief, A10 has performed such acts of infringement in a willful and deliberate manner, insofar as it has committed such acts with knowledge of F5's '802 patent." Complaint at ¶ 11. F5 argues, citing Conley v. Gibson, 355 U.S. 41 (1957), that it is only required to provide notice of the nature of the claim. However, the Supreme Court has recently clarified that a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1964-65 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965. Regarding willful infringement, the Supreme Court has required "a pleading equivalent to 'with a knowledge of the patent and of his infringement.'" Sentry Prot. Prods., Inc. v. Hero Prods., Inc., 400 F.3d 910, 918 (Fed. Cir. 2005) (quoting Dunlap v. Schofield, 152 U.S. 244, 248 (1894)).

ORDER GRANTING MOTION
TO STRIKE - 2

In this case, the complaint does not contain any facts to support a claim of willful infringement or to put A10 on notice of the grounds on which that claim rests.  Despite F5's assertion to the contrary, the complaint does not allege prior knowledge of the patent.  Asserting that A10 willfully infringed "insofar" – or to the extent – that it had knowledge of the patent is not the same as actually alleging that A10 had knowledge of the patent.  The former is a legal tautology while the latter is a factual allegation.  F5 could have amended its complaint[2] after receiving A10's motion but chose not to do so.

F5 also contends that "A10 has not alleged or provided any evidence that it did not know of the '802 Patent prior to the filing of the suit."  F5's Opposition at p. 2.  F5 is required to meet its pleading burden.  A10 is not required to disprove the allegations at the pleading stage.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendant's motion (Dkt. #13) and strikes the allegation of willfulness and request for treble damages without prejudice.  F5 may move to file an amended complaint to reassert those allegations if and when appropriate.

DATED this 10th day of March, 2008.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[2] Amending the language would have been a simple matter.  For example, it would be sufficient to allege willful infringement "because" (rather than "insofar as") A10 had prior knowledge.

ORDER GRANTING MOTION
TO STRIKE - 3